**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

**ORIGINAL**

| | | |
|---|---|---|
| HORMEL FOODS CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CEREOL, S.A., a French corporation, CEREOL PARTICIPATIONS, S.A., a French corporation, ERIDANIA BEGHIN-SAY, a French corporation, and KOIPE SOCIEDAD ANONIMA, a Spanish corporation,<br><br>Defendants. | ) | Case No. 01-CV-2243 JRT/FLN |

**ORDER FOR PROTECTION OF CONFIDENTIAL INFORMATION**

WHEREAS, in the amended complaint of HORMEL FOODS CORPORATION ("HORMEL"), HORMEL has brought suit against CEREOL, S.A., ("CEREOL") and CEREOL PARTICIPATIONS, S.A., (together, "CEREOL"), and in the amended complaint HORMEL has brought suit against ERIDANIA BEGHIN-SAY, S.A. ("EBS") and KOIPE SOCIEDAD ANOMINA ("KOIPE"); and

WHEREAS, defendant ERIDANIA BEGHIN-SAY, S.A. ("EBS") has been dissolved as a result of a "de-merger" and CEREOL has succeeded to all the rights and obligations of EBS relevant to the plaintiff's amended complaint; and

WHEREAS, pending full and final resolution of CEREOL's and KOIPE's Motions to Dismiss, CEREOL and KOIPE have been providing certain discovery relevant to the issue of whether this Court possesses personal jurisdiction over defendant KOIPE, and

WHEREAS, beyond the discovery described in the immediately preceding paragraph, discovery into the facts relevant to the allegations against CEREOL and KOIPE herein, as well

FILED SEP 1 0 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

as any counterclaims or affirmative defenses raised by CEREOL or KOIPE, may be conducted at a future time once CEREOL's and KOIPE's Motions to Dismiss have been fully and finally resolved; and

WHEREAS, in the course of providing discovery, it may be necessary for one or more of the parties to produce confidential business records and information that contain proprietary information regarding the conduct of the producing party's business operations; and

WHEREAS, the parties seek to remove the possibility that individuals making competitive business decisions have access to other parties' proprietary information;

WHEREAS, in the course of providing such discovery, documents or other material immune from discovery on account of an attorney-client privilege (or equivalent), or status as attorney work product (or equivalent) may inadvertently be produced, and the fact that some responsive documents likely are not written in the English language increases the probability that such an inadvertent production may occur;

IT IS THEREFORE ORDERED that the following protective order be entered to govern the production of documents and information herein:

1. All documents to be produced which the producing party in good faith contends are, contain, or reflect proprietary, commercial, financial, competitive, or trade secret information deserving protection under this Order may be designated as "CONFIDENTIAL" at the time of production. A party may designate bulky or voluminous materials as containing "CONFIDENTIAL" information by affixing the word "CONFIDENTIAL" to the container of such materials or by identifying the materials so designated in writing to the opposing party. Other information provided through discovery, such as specific answers to interrogatories, specific responses to requests for admissions, and specific deposition testimony, etc., may also

be designated as "CONFIDENTIAL" by stamping the specific portion of the discovery response "CONFIDENTIAL" prior to serving the discovery response on opposing counsel, and in the case of deposition testimony, by serving on lead counsel for all parties, within fourteen (14) days of service by the court reporter of the transcript of any deposition, a written designation of the specific pages and lines of the deposition and/or deposition exhibits that are alleged to contain "CONFIDENTIAL" information. Until such fourteen (14) day period has lapsed, the entire transcript shall be treated as "CONFIDENTIAL." Further, during a deposition, parties are authorized to identify on the record that certain information is "CONFIDENTIAL." If a party notes on the record that certain information is "CONFIDENTIAL," that party shall not be required to subsequently identify in writing such material as being "CONFIDENTIAL." All documents and other information properly designated as "CONFIDENTIAL" shall not be utilized by any opposing party, or the agents or employees thereof, except in accordance with the terms of this Order.

2. Documents and information properly designated as "CONFIDENTIAL" under this Order shall be used solely for the purposes of prosecuting or defending this action. In accordance with the provisions contained in Paragraph 4 of this Agreement, "CONFIDENTIAL" documents and information shall not be disclosed to any persons other than:

a. counsel for parties to this proceeding, not including in-house counsel (except the current in-house counsel designated in section 2(i));

b. professional, secretarial and clerical personnel assisting counsel;

c. qualified persons taking or recording testimony involving such documents and information and necessary stenographic, videographic and clerical personnel therefor;

d. parties, officers, directors, employees, and former employees of the parties to this litigation to whom disclosure is necessary for purposes of this litigation;

e. independent consultants and experts and their staff who are engaged directly in this litigation and who neither are

employees of the party receiving the information nor work for that party in the ordinary course of its business;

f. witnesses or potential witnesses interviewed or deposed by counsel for the parties;

g. any trial or appellate court, and any persons employed by the court ("the Court");

h. any translators assisting counsel with non-English text;

i. each party's designated in-house counsel representative(s) as designated herein:

For Hormel: James Cavanaugh, Mahlon Schneider.
For Cereol: Terrence E. Quinlan, Mattieu Hauw.
For Koipe: Javier Mungia, __________.

If necessary a party may designate a new in-house counsel representative by providing notice in writing to the other parties of the new designee, including the designee's areas of responsibility, the current designee whose designation is being removed, and reason for the change in designation. Such change in designation will be effective fourteen (14) days after the notice was received unless either of the other parties objects to the new designee within the fourteen (14) day period. No "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents will be given to in-house counsel until such counsel's designation is effective. Each of the parties agrees to work in good faith to resolve disputes over designations without court involvement where possible.

Also, any party may designate as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material that the party wishes not to be disclosed to persons listed in category 2(d). This does not affect the party's ability to disclose such material to in-house counsel designated in category 2(i). The "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation shall be limited to confidential material that contains or comprises particularly sensitive trade secrets, or commercial, financial or business information, the disclosure of which to persons listed in category 2(d) may have a particularly adverse effect on the commercial, business, or financial

position of the party producing it. "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information would include, for example, information about lines of businesses other than olive oil.

3. If any documents or information properly designated "CONFIDENTIAL," or as "CONFIDENTIAL—ATTORNEYS' EYES ONLY," are included with, or the contents thereof are repeated, copied, or quoted in, any pleading, motion, deposition transcript or other paperwork filed with the Court, such "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents or information shall be filed under seal in an envelope bearing the designation: **"CONFIDENTIAL – SUBJECT TO COURT PROTECTIVE ORDER."**

4. All persons identified in items (e), (f), (h) and (i) of paragraph 2 and all third-party/non-party witnesses who in the course of this case see or learn of any documents or information produced in this litigation that are properly designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or who learn of any other matters properly designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or who have access to any such documents or matters, shall be required to sign a confidentiality agreement in the following form:

> I, ______________________________, have read a copy of the attached STIPULATION AND ORDER FOR PROTECTION OF CONFIDENTIAL INFORMATION entered in this case. I recognize that during my participation in the handling and development of this case, I may have occasion to read or hear about documents produced in this litigation or other matters that are properly designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." I agree to use any such documents and matters solely in connection with my participation in this case. I agree to abide by said STIPULATION AND ORDER in every respect.
>
> ______________________________
>
> Signature

______________________________
Named Printed

______________________________
Date

Counsel for each party shall collect the signed confidentiality agreements obtained on behalf of that party and retain them until the final conclusion of the captioned case, whether by settlement or by exhaustion of all available appeals.

5. The following shall not be "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Order:

a. Information and documents in, and legally obtainable from, the public domain;

b. Information and documents in other parties' rightful and lawful possession, and not otherwise subject to this Order; and

c. Information and documents obtainable from a third-party without restrictions as to disclosure, provided such third-party has the right lawfully to possess such information and has the right to make such disclosure to the receiving party.

However, a party may designate as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents produced by other parties or third-persons if the documents the party seeks to designate as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" originated with the designating party. Such designation may only be made if the documents can in good faith be described as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," as set forth in Paragraphs 1, 2, and 5.

6. This Order does not prejudice or limit the rights of any party to seek an Order from this Court imposing greater, lesser, or different restrictions on the dissemination of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents and information, or to seek to rescind, modify, alter, or amend this Order in any way.

7. Any party may at any time (but not later than sixty (60) days before the last date for which trial is set to begin in this case) challenge the alleged "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" status of any documents or information by serving on all parties a written notice of such challenge. Such notice shall identify specifically the documents or information as to which that party challenges such designation. After receiving such notice, the party who produced such documents or information will have ten (10) business days in which to respond in writing to such challenge, if so desired. Thereafter, if the parties have not resolved the issue between them, the challenging party may move the Court to strike the challenged designation. The party seeking to maintain the "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation bears the burden to establish its claim of confidentiality. Any discovery material previously designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Order shall retain such designation until such time as the parties have reached an agreement in writing to change the designation or the Court enters an order resolving the dispute, and all appeals of such order are exhausted.

8. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party designating the information and documents as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" consents to such disclosure, in writing or on a stenographic record, or if the Court, after notice to all affected parties, orders such disclosure.

9. Nothing herein shall prevent any counsel of record from utilizing "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" information and

documents in the examination or cross-examination of any person qualified to view the information under Paragraphs 2 and 4 above.

10. Nothing in this Order shall affect the admissibility into evidence of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents and information.

11. Within thirty (30) days after this case is finally concluded, whether by settlement or by final exhaustion of all available appeals, all documents, information, or other matters designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Order shall either be returned to the producing party or, at the written request of the producing party, shall be destroyed by the party, person, or firm in possession, except for such information (other than documents) incorporated into attorney work-product materials.

12. Agreement by a party to entry of this Order does not constitute an acknowledgement by such party that any discovery materials produced by any other party are in fact "CONFIDENTIAL" or otherwise legally protectable. Further, by making discovery materials available for use in this litigation, no party waives or compromises any confidentiality or protectability of the same. Entry of this Order, and the circumstances of its execution or entry, shall not preclude any party from seeking relief from, or modification of, this Order at any time. Nothing in this Order shall prejudice the right of any party to seek further protection from the Court against use or disclosure of any discovery materials. That any party and its counsel have requested, consented to, or not opposed, entry of this Order shall not serve as grounds for any party to object to any request or motion for modification of this Order in the future.

13. Any party who receives an order or subpoena for documents that have been designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY"

pursuant to this Order shall, within five (5) business days and in any event before disclosure of the documents is made, notify the opposing party in writing of the order or subpoena so as to give the opposing party reasonable time under the circumstances to take appropriate action to protect its interests.

14. In the event that either party, or counsel for such party, learns or discovers that a document subject to immunity from discovery on the basis of an attorney-client privilege (or equivalent) or status as attorney work product (or equivalent) has been produced inadvertently, counsel shall notify the receiving party or parties within ten (10) business days after so learning or discovering that such inadvertent production has been made. The inadvertently disclosed documents and all copies shall be returned to the producing party and the receiving party shall not seek an order compelling production of the inadvertently disclosed documents on the ground that the producing party has waived or is estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced. Such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the producing party has given timely notice as provided in this paragraph.

15. This Order will govern all parties to this case who have signed below and any other parties who file with the Court a written consent to the terms of this Order.

16. This Order supercedes the interim letter agreement of the parties dated July 3, 2002.

Dated: Aug. 28, 2002

Steven J. Wells
Kimberly Fuhrman
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

David F. Loeffler, Esq.
KRUKOWSKI & COSTELLO
7111 Edgerton Avenue
Milwaukee, Wisconsin 53220
Telephone: (414) 423-1330

*Attorneys for Plaintiff*
Hormel Foods Corporation

Dated: Aug. 27, 2002

Thomas K. Cauley,Jr.
Brian A. McAleenan
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

R.J. Zayed
Ann N. Cathcart Chaplin
FISH & RICHARDSON P.C., P.A.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 335-5070

*Attorneys for Defendants*
Cereol, S.A., and Cereol Participations, S.A.

Dated: Aug 23, 2002

David T. Schultz, Reg. No. 169730
Cynthia P. Arends, Reg. No. 301735
HALLELAND LEWIS NILAN SIPKINS &
JOHNSON P.A.
Pillsbury Center South, Suite 600
220 South Sixth Street
Minneapolis, Minnesota 55402-4501
Telephone: (612) 338-1838
Facsimile: (612) 338-7858

*Attorneys for Defendant*
Koipe Sociedad Anonima

**ORDER**

IT IS HEREBY SO ORDERED.

DATED: Sept 10, 2002

Magistrate Judge of the United States District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word **"SEALED"** or **"CONFIDENTIAL"**

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01