**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

HORMEL FOODS CORP., a Delaware corporation,

Plaintiff,

v.

CEREOL, S.A., a French corporation, ERIDANIA BEGHIN-SAY, a French corporation, KOIPE SOCIEDAD ANONIMA, a Spanish corporation, and CEREOL PARTICIPATIONS, S.A., a French corporation,

Defendants.

Civil No. 01-2243 (JRT/FLN)

**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

---

Steven J. Wells, DORSEY & WHITNEY, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402; and David F. Loeffler, KRUKOWSKI & COSTELLO, 7111 West Edgerton Avenue, Milwaukee, WI 53220, for plaintiff.

Thomas K. Cauley, SIDLEY AUSTIN BROWN & WOOD, Bank One Plaza, 10 South Dearborn Street, Chicago, IL 60603; and Ann Cathcart Chaplin and R.J. Zayed, FISH & RICHARDSON, 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402, for defendants Cereol, S.A. and Cereol Participations, S.A.

David T. Schultz, Michael T. Nilan, and Cynthia Arends, HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A., 220 South Sixth Street, Suite 600, Minneapolis, MN 55402, for defendant Koipe Sociedad Anonima.

On September 30, 2002, this Court issued an Order denying motions to dismiss by defendants Cereol, S.A. ("Cereol"), Cereol Participations, and Koipe. Cereol[1] has now

[1] Since the filing of this action, Cereol and Cereol Participations have merged.

FILED NOV 0 7 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

requested leave to file a motion to reconsider this Order pursuant to Local Rule 7 1(g), again claiming that the Court should dismiss Hormel's complaint in favor of arbitration. For the reasons discussed below, the Court denies this request.

**DISCUSSION**

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g); *Transclean Corp. v. Bridgewood Services, Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

Cereol argues that its request should be granted because the Court's Order of September 30 erred as a matter of law. The Court finds that Cereol has not shown the compelling circumstances necessary to justify its request. Cereol's letter brief simply re-states arguments made in writing and orally before this Court on its motion to dismiss. The Court need not revisit its reasoning in the September Order; it suffices to find that the Order clearly explained the Court's reasons for denying Cereol's motion, and the Order was not erroneous as a matter of law. Cereol's current arguments appear to seek nothing more than "a second bite at the apple," something the rules prohibit. *Id.*

Because Cereol has not shown compelling circumstances as required by Local Rule 7.1(g), the Court denies its request to file a motion to reconsider.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that defendant Cereol's Request to File a Motion to Reconsider [Docket No. 113] is **DENIED**.

DATED: November 7, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge