**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

HORMEL FOODS CORP., a Delaware corporation,

Plaintiff,

v.

CEREOL, S.A., a French corporation, ERIDANIA BEGHIN-SAY, a French corporation, KOIPE SOCIEDAD ANONIMA, a Spanish corporation, and CEREOL PARTICIPATIONS, S.A., a French corporation,

Defendants.

Civil No. 01-2243 (JRT/FLN)

**ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE DATED DECEMBER 31, 2002**

---

Steven J. Wells, DORSEY & WHITNEY, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402; and David F. Loeffler, KRUKOWSKI & COSTELLO, 7111 West Edgerton Avenue, Milwaukee, WI 53220, for plaintiff.

Thomas K. Cauley, SIDLEY AUSTIN BROWN & WOOD, Bank One Plaza, 10 South Dearborn Street, Chicago, IL 60603; and Ann Cathcart Chaplin and R.J. Zayed, FISH & RICHARDSON, 3300 Dain Rauscher Plaza, 60 South Sixth Street, Minneapolis, MN 55402, for defendants Cereol, S.A. and Cereol Participations, S.A.

David T. Schultz, Michael T. Nilan, and Cynthia Arends, HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A., 220 South Sixth Street, Suite 600, Minneapolis, MN 55402, for defendant Koipe Sociedad Anonima.

Plaintiff Hormel Foods Corporation ("Hormel") has sued defendants for breach of contract and other claims. This matter is now before the Court on the appeal by

FILED JUN 1 6 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

defendants Cereol, S.A. and Cereol Participations, S.A. (collectively, "Cereol") of the Order of United States Magistrate Judge Franklin L. Noel dated December 31, 2002. For the reasons discussed below, the Court now affirms the Magistrate Judge.

## BACKGROUND

The facts underlying this case are set forth in detail in this Court's Order of September 30, 2002. *See Hormel Foods Corp. v. Cereol, S.A.*, Civ. No. 01-2243, 2002 WL 31185859 at **1-2 (D. Minn. Sept. 30, 2002) (the "September 30 Order"). In that Order the Court granted Hormel's motion to amend its complaint, and denied motions to dismiss by Cereol and by defendant Koipe Sociedad Anonima ("Koipe"). In its motion to dismiss, Cereol argued that the issues in this case must be arbitrated. On November 7, 2002, the Court denied Cereol's request for reconsideration of the September 30 Order, and on November 20, Cereol served notice that it was appealing the September 30 Order to the United States Court of Appeals for the Eighth Circuit pursuant to § 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16. On November 22, Cereol filed a motion to stay this case pending resolution of its appeal of the September 30 Order. The Magistrate Judge heard arguments from the parties, and on December 31, 2002 denied Cereol's motion. Cereol now appeals the Magistrate Judge's Order, arguing that it is clearly erroneous and contrary to law. Although the Magistrate Judge's Order would

have discovery in this case proceed, discovery is stayed pending the Court's resolution of this appeal.[1]

## ANALYSIS

An order of a magistrate judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2). Cereol argues that the Magistrate Judge's discovery order should be reversed because its appeal of the September 30 Order divests this Court of jurisdiction to continue discovery. This reasoning comes from the Seventh Circuit's decision in *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997). This Court recently acknowledged, however, that courts are divided on the question of whether and to what extent a notice of appeal under § 16 of the FAA divests the district court of jurisdiction over proceedings in a case. *See Bailey v. Ameriquest Mortgage Co.*, Civ. No. 01-545, 2002 WL 1835642 at *1 (D. Minn. Aug. 5, 2002). This Court noted that at least one circuit has held that an appeal does not divest the district court of jurisdiction. *Id.* (noting the disagreement between the Seventh Circuit's holding in *Bradford-Scott* and the Ninth Circuit's decision in *Britton v. Co-op Banking Group*, 916 F.2d 1045 (9th Cir. 1990)).

---

[1] On January 30, 2003, the Magistrate Judge denied Hormel's motion to compel discovery against Cereol pending the Court's resolution of this appeal. *See Hormel Foods Corp. v. Cereol, S.A.*, Civ. No. 01-2243, slip op. (D. Minn. Jan. 30, 2002). The Magistrate Judge ordered that Koipe, which did not appeal the Magistrate Judge's December 31 Order, must respond to Hormel's discovery requests.

Cereol correctly notes that in *Bailey*, this Court did not have to choose sides in the circuit split because, in that case, a stay was not warranted under either analysis. *See id.* Cereol claims that because this Court recognized in *Bailey* that *Branford-Scott*'s analysis might be valid, the Court must adopt *Branford-Scott*'s analysis today. Cereol argues that this Court should now choose sides because the Seventh Circuit's approach in *Branford-Scott* is more persuasive and is a better rule of law. (*See* Def. Br. at 3.)

The Court might consider such an argument if this matter was here for *de novo* review.[2] Because this is an appeal of a Magistrate Judge's order, however, the Court's role is not to decide which rule is more persuasive or appropriate. The law requires this Court to grant the Magistrate Judge's Order substantial deference, and the Court reviews the Magistrate Judge's Order only to correct clear mistakes. *See* 28 U.S.C. § 636(b)(1)(A). This Court recognized only nine months ago that courts reasonably disagree on the central issue in this appeal. *See Bailey*, 2002 WL 1835642 at *1. The Magistrate Judge may have been persuaded by some of these valid rulings, and there is no authority compelling this Court to hold that the Magistrate Judge was wrong. Under these circumstances, the Court cannot find that the Magistrate Judge's ruling was clearly erroneous or contrary to law. Therefore, Court will affirm the Order of December 31, 2002.[3]

---

[2] The matter in *Bailey* was a motion to stay presented directly to this Court. *Bailey v. Ameriquest Mortgage Co.*, Civ. No. 01-545, 2002 WL 1835642 at *1 (D. Minn. Aug. 5, 2002).

[3] Koipe has filed a memorandum of law requesting that if the Court grants a stay, such stay should also extend to Koipe. Because the Court affirms the Magistrate Judge's order, Koipe's request is moot.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the Magistrate Judge's Order dated December 31, 2002 [Docket No. 141] is **AFFIRMED.**

DATED: June 16, 2003
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge